483 P.2d 980 (1971)
IRRIGATION MOTOR AND PUMP CO., a Nebraska corporation, Plaintiff in Error,
v.
James H. BELCHER, Defendant in Error.
No. 70-673, (Supreme Court No. 24266.)
Colorado Court of Appeals, Div. I.
April 6, 1971.
Craig A. Murdock, Denver, for plaintiff in error.
Maley & Schiff, John T. Maley, Denver, for defendant in error.
Selected for Official Publication.
DWYER, Judge.
This case was transferred from the Supreme Court pursuant to statute.
This is an action to rescind a contract of sale of an irrigation machine. The judgment was in favor of the buyer; and the seller, appearing here as plaintiff in error, seeks reversal.
James H. Belcher, the buyer, was the operator of a sod farm near Parker, Colorado. He planned to grow bluegrass on this *981 farm and to irrigate the crop with an automatic irrigating machine. Irrigation Motor and Pump Co., the seller, was a manufacturer of this type of machinery. In the fall of 1967, an officer of the seller inspected Belcher's farm and, after surveying the operation, agreed to sell Belcher a machine that would meet his irrigation requirements. Belcher agreed to buy the machine for the total price of $13,192.
The irrigation machine was installed in January of 1968. The buyer attempted unsuccessfully to operate the machine. There were numerous mechanical defects in the machine. The buyer notified the seller that the machine would not operate and the seller made several attempts during the following months to repair the machine. These efforts were unsuccessful, the machine never worked properly, and the buyer was never able to use the machine to irrigate his crop.
On July 27, 1968, the buyer, by letter, notified the seller that he was rescinding the contract. He then commenced this action to recover the amount he had paid on the purchase price and he also sought to recover consequential damages for loss of his crop. The seller answered and counterclaimed for the balance of the purchase price. The case was tried to the court. The court found (1) that the seller agreed to construct a system which would work, (2) that the seller failed to do so, (3) that the system never worked, and (4) that the goods did not conform to the contract. The court concluded that there had been an effective "revocation of acceptance" within the provisions of C.R.S.1963, XXX-X-XXX, and that the buyer was entitled to the remedies provided therein. Judgment was entered in favor of the buyer for the amount which he had paid on the purchase price and the buyer was given a lien on the machine to secure such judgment. The court denied the buyer's claim for consequential damages, and also denied seller's counterclaim. We affirm the judgment of the trial court.

I
Seller contends that the court erred in finding that the buyer made a justifiable and effective "revocation of acceptance" of the goods.
The situation here presented is one in which the remedy of rescission would have been available to the buyer in the absence of a controlling statute. Before such statutes were enacted, it was the rule in Colorado that a buyer could rescind and recover the purchase price paid for machinery upon proof of a breach of warranty and an offer to return the machinery. Emerson-Brantingham Implement Co. v. Miller, 91 Colo. 94, 12 P.2d 341.
The remedy of rescission would also have been available to the buyer under the Uniform Sales Act, C.R.S.1963, 121-1-69(1)[1].
The transaction here involved took place after the effective date of the Uniform Commercial Code in Colorado, and, hence, is governed by the provisions of the Code. The Code does not use the term "rescission," but, instead, provides for "revocation of acceptance" of a nonconforming commercial unit, Uniform Commercial Code, C.R.S.1963, XXX-X-XXX [2]. The problem, then, *982 is whether under the applicable provision of the Code, the buyer justifiably and effectively revoked his acceptance of the machine. The trial court correctly ruled that he did.
1. The goods were "nonconforming" within the meaning of the Uniform Commercial Code, C.R.S.1963, XXX-X-XXX. Section 2-106(2) of the Code provides that, "Goods or conduct including any part of a performance are `conforming' or conform to the contract when they are in accordance with the obligations under the contract." Nonconformity cannot be viewed as a question of the quantity and quality of goods alone, but of the performance of the totality of the seller's contractual undertaking. Campbell v. Pollack, 101 R.I. 223, 221 A.2d 615.
The irrigation machine which was the subject of the contract of sale here was "nonconforming" within the meaning of that term in the Code, and this nonconformity justified the buyer in revoking his acceptance.
2. The revocation of acceptance occurred within a reasonable time. Under the Code there is a distinction between notice of breach, C.R.S.1963, XXX-X-XXX(3), and notice of revocation of acceptance, C. R.S.1963, XXX-X-XXX(2). There is no question here but that there was adequate and timely notice of the breach. The seller was contacted immediately after the machine was installed and told that it was not working. The seller thereafter attempted to repair the machine Seller argues, however, that the notice of revocation of acceptance on July 27, 1968, was not timely because buyer had known for some time prior to that date of the nonconformity of the goods. The Code provides [C.R.S. 1963, XXX-X-XXX(2)]: "What is a reasonable time for taking any action depends on the nature, purpose, and circumstances of such action." The question of reasonableness is a question of fact and is to be measured by all of the circumstances of the case. See Eggen v. M. and K. Trailers and Mobile Home Brokers, Inc., 29 Colo. App. , 482 P.2d 435, and Lathrop v. Maddux, 58 Colo. 258, 144 P. 870. These are pre-Code cases, but are applicable as they relate to the time for rescission of a contract of sale. Here, the buyer gave the seller an opportunity to repair the machine and withheld his revocation of acceptance until it became apparent that seller could not or would not perform its contract. Under the circumstances of this case, the delay in the notice in no way prejudiced the seller and the delay was not unreasonable.

II
The buyer, having justifiably revoked acceptance, was entitled to the remedies provided in the Uniform Commercial Code, C.R.S.1963, XXX-X-XXX. This section of the Code provides that where the buyer justifiably revokes acceptance, the buyer may recover so much of the price as he has paid, and the section further provides that the buyer has a security interest in goods in his possession or control for any payments made. Because of this security interest, the buyer was not, as seller claims, required to return the machine or to hold it for seller's disposition. The judgment of the trial court correctly awarded the buyer the remedies to which he was entitled under the Code.
Judgment affirmed.
COYTE and PIERCE, JJ., concur.
NOTES
[1] "(1) (a) Where there is a breach of warranty by the seller, the buyer may, at his election:

* * * * * *
"(e) Rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid."
[2] "XXX-X-XXX. Revocation of acceptance in whole or in part.(1) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it:

"(a) On the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or
"(b) Without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
"(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.
"(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them."