519 P.2d 1218 (1974)
MOELLER MANUFACTURING, INC., Plaintiff-Appellant,
v.
Henry J. MATTIS, Defendant-Appellee.
No. 73-155.
Colorado Court of Appeals, Div. I.
February 5, 1974.
Jack W. Stark, Fort Collins, for plaintiff-appellant.
Hammond & Chilson, John H. Chilson, Loveland, for defendant-appellee.
Selected for Official Publication.
RULAND, Judge.
The seller brought this action to recover payment for goods sold and delivered, and the buyer counterclaimed for breach of warranty. The judgment was in favor of the buyer, and the seller appeals.
Henry J. Mattis (buyer) purchased a hay grinder from Moeller Manufacturing *1219 Co., Inc. (seller) making a down payment of $2,090.39. The machine consisted of a new grinding unit propelled by a used engine. Upon delivery of the machine, buyer tendered a check to seller in the amount of $13,000 for the balance of the purchase price. Funds to pay the balance were obtained by buyer from a loan from a third party secured by a lien on the grinding machine, and the loan had not been fully repaid as of the date of trial.
On delivery, buyer transported the grinder to North Dakota for use in the custom hay grinding business. When the buyer put the machine to its intended use, it failed to perform satisfactorily. The seller was promptly notified of certain defects, and buyer stopped payment on the $13,000 check. From the time difficulties with the machine first developed until suit was filed by seller approximately three months later, seller attempted to remedy defects in the unit.
Following a trial to the court, the court found: (1) sale of the grinding machine (as distinguished from the used engine which propelled it) carried both an express and implied warranty of fitness for the purpose of grinding hay; (2) seller knew that buyer purchased the unit for use in the custom hay grinding business; (3) the grinding machine failed to operate properly in performance of the work for which it was designed; (4) participation by seller in an attempt to make the machine perform as requested established that seller had notice of the breach of warranty and buyer did not lose his right to revoke acceptance of the unit by giving seller the opportunity to correct the defective condition; (5) written revocation given three weeks after the complaint was filed by seller was timely; and (6) buyer was entitled to consequential damages consisting of loss of profits and cost of repairs because these damages resulted directly from breach of the warranty of fitness, were proved with certainty, and could not have been prevented by "cover" as defined in the Uniform Commercial Code, C.R.S.1963, XXX-X-XXX.
Judgment was entered in favor of buyer in the amount of $4,145.86 for return of down payment, loss of profits, and cost of repairs. In ruling on seller's motion for new trial, the court supplemented its original judgment by ruling that pursuant to C. R.S.1963, XXX-X-XXX, buyer held a security interest in the grinding machine for payment of the judgment, and seller was not entitled to a return of the unit so long as the judgment remained unpaid.

I

Breach of Warranty
Seller initially contends that the evidence introduced during the trial fails to support the trial court's findings that the defects in the hay grinding machine were covered by seller's warranty. Seller asserts that all defects covered by the warranty were remedied, and the remaining problems resulted from buyer's misuse of the hay grinder.
We have examined the record and conclude that there is sufficient evidence to sustain the trial court's findings. We are therefore bound by those findings. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453.

II

Revocation of Acceptance
In his counterclaim, buyer requested, inter alia, rescission of the contract. The trial court properly treated that request as a claim to revoke acceptance as provided for in C.R.S.1963, XXX-X-XXX. See Lanners v. Whitney, 247 Or. 223, 428 P.2d 398.
The trial court found that the conditions for revocation of acceptance as required by C.R.S.1963, XXX-X-XXX had been met by the buyer. We find no error in that ruling. Contrary to seller's contentions, the notice of revocation was timely, see Irrigation Motor & Pump Co. v. Belcher, 29 Colo.App. 343, 483 P.2d 980; and *1220 further, any deterioration in condition of the grinding unit occurring during the period when seller was attempting to cure defects is not a basis for denying buyer's remedy of revocation. See Annot., 41 A. L.R.2d 1173 at 1191-96; Phillips, Revocation of Acceptance and the Consumer Buyer, 75 Comm.L.J. 354.
However, we agree with seller that recovery of damages on the basis of revocation of acceptance should not be available to buyer because title to the grinding unit is encumbered.
A buyer who asserts a right to revoke acceptance has the same duties as a buyer who asserts a right to reject goods prior to acceptance. C.R.S.1963, XXX-X-XXX(3). After rejection of goods, any exercise of ownership rights is considered wrongful as against the seller. C.R.S.1963, XXX-X-XXX(2)(a). The purpose of this requirement is to insure that the seller may regain possession of the goods in order to resell the same and minimize his loss. By the same reasoning, utilizing the machinery as security for a loan which remains unpaid after revocation prevents the seller, upon refund of the purchase price and expenses, see C.R.S.1963, XXX-X-XXX, from reselling the goods to minimize his loss. Accordingly, we hold that in order to exercise the remedy of revocation after acceptance pursuant to C.R.S.1963, XXX-X-XXX, the buyer must, as of the date seller offers to return the purchase price and expenses, or if seller makes no such offer, as of the date the trial court awards buyer this remedy, be in a position to transfer an unencumbered title to the seller. When the buyer has encumbered the title and is not able effectively to transfer the goods to the seller, then buyer's remedy is for damages pursuant to C.R.S.1963, XXX-X-XXX, which in this case must be offset against the unpaid purchase price.
That portion of the judgment determining that seller breached its warranty on the grinding unit to buyer is affirmed. That portion of the judgment granting buyer the remedy of revocation of acceptance is reversed, and the cause is remanded for a new trial on the issue of buyer's damages.
SILVERSTEIN, C. J., and SMITH, J., concur.