578 P.2d 668 (1978)
Charles F. KEEN and Shirley A. Keen, Plaintiffs-Appellants,
v.
MODERN TRAILER SALES, INC., Defendant-Appellee.
No. 77-107.
Colorado Court of Appeals, Division II.
April 6, 1978.
*669 Kettelkamp & Vento, P. C., W. C. Kettelkamp, Jr., Pueblo, for plaintiffs-appellants.
Lattimer, O'Callaghan, Gandy & Ware, P. C., Gregory M. Lattimer, Pueblo, for defendant-appellee.
BERMAN, Judge.
Plaintiffs, Charles F. and Shirley A. Keen, appeal from a judgment denying their claim for rescission of a contract for the purchase of a mobile home. We reverse and remand for further proceedings.
The trial court's findings of fact, which are not disputed here, relate that on April 20, 1974, plaintiffs went to the sales lot of defendant, Modern Trailer Sales, Inc. After informing one of the defendant's salesmen that they sought to purchase a three bedroom home, 14 feet in width and 70 feet in length, and priced from $9,000 to $9,500, plaintiffs were shown several mobile homes, some of which, unknown to plaintiffs, were models smaller than the requested size. The following day, accompanied by their son, plaintiffs returned to the lot and made a final selection. At that time, the salesman assured plaintiffs' son that the selected model was 14 by 70 feet in size.
The parties subsequently executed a written contract, detailing the plaintiffs' requirements and the purchase price. Although that agreement specified the selected model's width as 14 feet, the length of the home was omitted. Documents referencing the length of the subject home were readily available to defendant's salesman, however, and he, in fact, knew that the home was not the size requested by plaintiffs. Nonetheless, the manufacturer's statement of origin and an application for title subsequently sent to them by defendant also listed the home as 14 by 70 feet.
Within a month of delivery, the mobile home drifted off its footings. After defendant refused to assist in correcting the problem, plaintiffs arranged for reskirting of the sides by a third party. Consequently, they discovered that the length of the home was in fact only 64 feet, and thus lacked six feet in length and 84 square feet of living space. When complaints to defendant were ignored, plaintiffs instituted this action.
Based on the above findings of fact, the trial court concluded that by failing to deliver a mobile home 14 by 70 feet in size the defendant breached its contract with plaintiffs. And, in a ruling which is not challenged here, the trial court dismissed plaintiffs' claim for damages. Treating plaintiffs' request for rescission as seeking revocation of acceptance under the Uniform *670 Commercial Code, § 4-2-608, C.R.S.1973, see Moeller Manufacturing, Inc. v. Mattis, 33 Colo.App. 300, 519 P.2d 1218 (1974), the court also denied plaintiffs' claim for cancellation of the contract and return of the purchase price.
Section 4-2-608(1)(b), C.R.S.1973, authorizes a buyer to revoke his acceptance of a nonconforming item, if his acceptance without discovery of the item's nonconformity "was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances," a precondition not in dispute here, and if the item's "nonconformity substantially impairs its value to him." Reasoning in part that "[t]he Keens occupancy of the mobile home from the end of April 1974, to date, clearly shows that the value of the mobile home to the Keens was not substantially impaired," the trial court determined that the latter requisite of substantial impairment was not made out by defendant's breach here. Since we view the court's premise as erroneous, we remand for reconsideration of its factual determination.
Numerous cases recognize that a purchaser's occupancy of a mobile home during the pendency of his suit for rescission does not affect the legitimacy of an attempted revocation of acceptance. E. g., Stroh v. American Recreation & Mobile Home Corp., 35 Colo.App. 196, 530 P.2d 989 (1975); Mobile Home Sales Management, Inc. v. Brown, 115 Ariz. 11, 562 P.2d 1378 (1977); Jorgensen v. Pressnall, 274 Or. 285, 545 P.2d 1382 (1976); Minsel v. El Rancho Mobile Home Center, Inc., 32 Mich.App. 10, 188 N.W.2d 9 (1971).
Indeed, since the timeliness of plaintiffs' notice of revocation is not contested, the trial court's use of this factor to determine whether plaintiffs' revocation was justifiable places the cart before the horse. For, if a revocation is justifiable, the Code vests the buyer with a security interest in the subject goods, Irrigation Motor & Pump Co. v. Belcher, 29 Colo.App. 343, 483 P.2d 980 (1971), construing § 4-2-711(3), C.R.S.1973, and such an interest authorizes continued possession to preserve the collateral, § 4-9-207(1) and (4), C.R.S. 1973, subject to the seller's right to an offset for the rental value of the possessed goods. Stroh v. American Recreation, supra; Jorgensen v. Pressnall, supra. Thus, whether the nonconformity substantially impaired the home's value to the plaintiffs must be resolved without regard to their continuing occupancy after notice of revocation of acceptance.
To aid the court in its consideration on remand we add the following. The test of "substantial impairment" justifying revocation of acceptance is "whether the nonconformity is such as will in fact cause a substantial impairment of value to the buyer though the seller had no advance knowledge as to the buyer's particular circumstances." Section 4-2-608, C.R.S.1973 (Official Comment 2); Stroh v. American Recreation, supra. This section creates a subjective test in the sense that the requirements of the particular buyer must be examined and deferred to. Yet, since the rationale of the substantial impairment requisite is to bar revocation for trivial defects or defects which may be easily corrected, the impairment of the buyer's requirements must be substantial in objective terms. E. g., Asciolla v. Manter Oldsmobile-Pontiac, Inc., N.H., 370 A.2d 270 (1977); Jorgensen v. Pressnall, supra; Tiger Motor Co. v. McMurty, 284 Ala. 283, 224 So.2d 638 (1969); see J. White & R. Summers, Uniform Commercial Code § 8-3 (1972).
Accordingly, the determinative issues before the trial court are whether the plaintiffs sought to purchase a mobile home of specified dimensions for their particular living needs, and whether the nonconformity herethe delivered mobile home's lacking approximately 8% of the total space warranted by defendantis substantial in an objective sense.
We further note that a false representation of a material fact, even though innocently made, may itself merit rescission of a contract, Bassford v. Cook, 152 Colo. 136, 380 P.2d 907 (1963), and by analogy, revocation of acceptance, Lanners v. Whitney, *671 247 Or. 223, 428 P.2d 398 (1967); see § 4-2-721, C.R.S.1973. Thus, in determining the substantial impairment issues, the court may consider the equitable circumstances surrounding the plaintiffs' decision to purchase.
The judgment is reversed and the cause is remanded for the trial court's redetermination of the propriety of plaintiffs' revocation of acceptance.
SMITH and RULAND, JJ., concur.