609 P.2d 331

Rudy S. YBARRA and Carmen N.
Ybarra, Plaintiffs-Appellees,

v.

MODERN TRAILER SALES, INC.,
Defendant-Appellant.

No. 12548.

Supreme Court of New Mexico.

April 10, 1980.

William N. Henderson, David A. Grammer, III, Albuquerque, for defendant-appellant.

Eugene E. Brockman, Tucumcari, for plaintiffs-appellees.

## OPINION

PAYNE, Justice.

Plaintiffs, Rudy and Carmen Ybarra, brought this suit seeking to revoke their acceptance of a contract for the sale of a mobile home. The district court, sitting as the trier of fact, found that the plaintiffs revoked the contract under the terms of Section 55–2–608, N.M.S.A.1978. Defendant, Modern Trailer Sales, appeals. We affirm.

The issue on appeal is whether plaintiffs met the conditions for revocation of acceptance of the mobile home contract as required by Section 55–2–608.

On March 11, 1974, defendant delivered to the plaintiffs a new double-wide mobile home which is the subject of this dispute. A few days after delivery, portions of the floor began to rise and bubble, creating an unsightly and troublesome situation for the plaintiffs. The trial court found that the defects in the floor existed when the mobile home was delivered, but that they were not observable upon delivery. The court also found that such defects are not acceptable in the mobile home industry.

Plaintiffs complained about the floor as soon as its defects were discovered and they continued to request that the defendant remedy the situation. The defendant responded on at least three occasions by sending repairmen to cure the defective floor, but each time they were unsuccessful. The plaintiffs continued to rely upon defendant's assurances that it was willing and able to repair the floor.

Defendant alleges that after its last unsuccessful attempt to repair the floor, on September 4, 1975, it received no further complaints from the plaintiffs regarding the unacceptability of the defects until this suit was filed on March 10, 1978. This, defendant contends, prevented it from curing the defects during this period. Plaintiffs deny defendant's allegation saying that they continued to telephone and visit the defendant's place of business to demand repair. The district court found for the plaintiffs on this issue. We find substantial evidence in the record to support all of the district court's findings of fact.

Defendant complains that plaintiffs failed to satisfy the revocation requirements of Section 55–2–608 in that revocation of acceptance was not made within a "reasonable time" and notice of revocation was not given until the filing of this suit. Given the facts of this case, we disagree with defendant's argument.

Section 55–2–608 states:

(1) The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity *substantially impairs its value* to him if he has accepted it:

(a) on the *reasonable assumption* that its nonconformity *would be cured* and it has *not been seasonably cured* ; or

(b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

(2) Revocation of acceptance must occur *within a reasonable time* after the buyer discovers or should have discovered the ground for it and *before any substantial change* in condition of the goods which is not caused by their own defects. It is *not effective until the buyer notifies the seller of it.*

(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them. (Emphasis added.)

■ Nearly four years passed from the time the parties executed this contract to the time the plaintiffs instituted this action. The statute creates a "reasonable time" standard and requires the trial court to make a factual determination. We cannot say that four years is unreasonable as a matter of law. The reasonableness of the time at which revocation is communicated is dependent upon the facts of each case. Four years, in this case, is not unreasonable.

■ The statute requires the buyer to give the seller notice before a revocation can be effective. Official Comment 5 to Section 55–2–608 states that "[t]he content of the notice under Subsection (2) is to be determined . . . by considerations of good faith, prevention of surprise, and reasonable adjustment." Defendant argues that if the seller's first notice of revocation comes with the process server, then the notice requirement is not satisfied. *See Kohlenberger, Inc. v. Tyson's Foods, Inc.,* 256 Ark. 584, 510 S.W.2d 555 (1974); *Lynx, Incorporated v. Ordnance Products, Inc.,* 273 Md. 1, 327 A.2d 502 (1974). This will be true in most instances, but it is not true here. In this instance service of process was preceded by a continuing series of complaints and negotiations regarding the unacceptability of the defective mobile home

and by repeated failures on the part of the seller to cure the defects. The process server bore only the formal tidings of revocation. *See DeCoria v. Red's Trailer Mart, Inc.,* 5 Wash.App. 892, 491 P.2d 241 (1971). This constitutes sufficient notice of revocation "even though the formal rejection comes a considerable time after the sale." White & Summers, *Uniform Commercial Code* § 8–3, pp. 262–63 (1972). *See Irrigation Motor And Pump Co. v. Belcher,* 29 Colo.App. 343, 483 P.2d 980 (1971).

Defendant argues that plaintiffs slept on their rights and that laches operates to deny them the remedy of revocation. According to the record, however, the converse can also be argued. Plaintiffs patiently endured the defects to provide defendant ample time to cure them, and plaintiffs continued to protest the unacceptability of the defects to preserve their remedies. This is the factual conclusion reached by the district court which we will not overturn.

Defendant's argument suggests that the buyer must use some magic words of revocation in order to give the seller effective notice. In all probability the ordinary buyer never learns that he even has a remedy of revocation until he goes to his lawyer in desperation. Strict adherence to the use of some specific words of revocation is not required of buyers in the plaintiffs' position. Buyers, however, must give sufficient indication of revocation that there can be no surprise on the part of the seller. We can find no basis for a claim of surprise in the record.

The defendant also argues that the defects complained of by the plaintiffs are not substantial. The trial court held to the contrary and we agree. Measured against any objective test, raised or bubbled portions of a floor would be unacceptable to the reasonable buyer as an unsightly, inconvenient and possibly hazardous circumstance.

For the reasons stated, we affirm the district court.

IT IS SO ORDERED.

FEDERICI and FELTER, JJ., concur.