IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 29,004**

**FLOYD GUTIERREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GUADALUPE COUNTY**
**Eugenio S. Mathis, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

# MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant appeals from his convictions for battery on a peace officer in violation of NMSA 1978, Section 30-22-24 (1971), aggravated driving while intoxicated (refusal) in violation of NMSA 1978, Section 66-8-102(D) (2007), and evading or obstructing an officer, in violation of NMSA 1978, Section 30-22-1(B)

(1981). Defendant raised five issues in his docketing statement: (1) whether there was sufficient evidence to support his conviction for battery on a peace officer; (2) whether there was sufficient evidence to support his conviction for driving under the influence; (3) whether the district court erred by not granting his motion for directed verdict; (4) whether the district court erred by excluding certain evidence; and (5) whether his right to confrontation was violated. This Court filed a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Because we are unpersuaded, we affirm. To the extent Defendant has moved this Court to amend his docketing statement by raising a new issue, we deny Defendant's motion. Finally, although we affirm Defendant's convictions, we remand to the district court for correction of a typographical error in the judgment and sentence. Specifically, Defendant's judgment and sentence reflects a conviction under Section 66-8-102(A) (impaired to the slightest degree), instead of Section 66-8-102(D) (aggravated, refusal).

**Battery on a Peace Officer**

Defendant contends, pursuant to *State v. Franklin*, 78 N.M. 127, 483 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), that there was insufficient evidence to support his conviction for battery on a peace officer. In this Court's notice of proposed disposition, we proposed to conclude that the officer's

testimony that Defendant attempted to pull away when the officer tried to adjust Defendant's handcuff; that the officer had to take Defendant to the ground to regain control; that Defendant was struggling with the officer, rolled on his back, and kicked the officer in the groin; that Defendant tried to kick the officer again, swore at the officer, told the officer he was not going to arrest him and walked off into a field; that when the officer caught up with Defendant in the field, Defendant was trying to pick up a rock; that Defendant was acting in a threatening manner; and that the officer had to deploy his taser in order to get Defendant back into custody, constituted sufficient evidence to support Defendant's conviction for battery on a peace officer. [CN 3-4; RP 96-98]

In response, Defendant contends that he was being injured by the officer and acted in self-defense. [MIO 11] Defendant relies on *State v. Garcia*, 114 N.M. 269, 275, 837 P.2d 862, 868 (1992), for the proposition that evidence which is "equally consistent with two hypotheses tends to prove neither," in order to argue that his self-defense theory and the State's theory that he unlawfully kicked the officer were equally possible conclusions. Defendant seems to request that this Court weigh the evidence and apply a different standard to review the sufficiency of the evidence than we generally apply. *See State v. Huber*, 2006-NMCA-087, ¶ 11, 140 N.M. 147, 140 P.3d 1096 ("A sufficiency of the evidence review involves a two-step process.

Initially, we view the evidence in the light most favorable to the verdict, a process that prevents us from re-weighing the evidence. Then we must make a legal determination of whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." (internal quotation marks and citations omitted)); *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 ("The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict."). *Garcia*, however, did not alter the standard for determining sufficient evidence on appeal, but "merely reiterated the established law that the standard must be viewed in the context of the state's burden below — to prove each element of the crime beyond a reasonable doubt." *State v. Orgain*, 115 N.M. 123, 126, 847 P.2d 1377, 1380 (Ct. App. 1993).

To the extent *Garcia* stands for the proposition relied on by Defendant, it is inapplicable to this case. In *Garcia*, our Supreme Court held that the State had not met its burden of proving that the defendant had deliberately intended to stab the victim where the State relied on the defendant's statement that he would do it again, because the jury could infer, equally, that the defendant did or did not have the requisite intent. 114 N.M. at 275, 837 P.2d at 868. *Garcia*, thus, dealt with equally possible inferences from the State's evidence and did not deal with the issue of

contradictory testimony presented by the State and the defendant. Moreover, here, the evidence is not equally consistent with Defendant's self-defense theory and the theory that Defendant intentionally and unlawfully applied force to the officer. To the contrary, there was substantial evidence from which a rationale jury could have inferred that Defendant was not acting in self-defense, including the officer's testimony that Defendant swore at him, told him he was not going to arrest him, and was acting in a threatening manner [CN 3-4; RP 97-98], and additional testimony that, after Defendant had been transported to the New Mexico State Police office, he threw a chair at a different person helping process Defendant. [CN 4; RP 99-100] To the extent Defendant's testimony regarding the events surrounding his arrest differ substantially from the officer's testimony, we note, as we did in our proposed disposition, that the jury is free to reject Defendant's version of events. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Therefore, "view[ing] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict," *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176, we conclude that there was sufficient evidence to support Defendant's conviction.

**Driving Under the Influence**

Defendant argues pursuant to *Franklin* and *Boyer* that there was insufficient evidence to support his conviction for driving under the influence. In this Court's notice of proposed disposition, we proposed to conclude that there was sufficient evidence to support Defendant's conviction under Section 66-8-102(D) where the officer observed the semi-truck weaving, smelled the odor of alcohol emanating from the cab of the truck, observed Defendant stumble and walk into a lane of traffic, noted that Defendant had bloodshot watery eyes and slurred speech, and where Defendant admitted to drinking two beers, asked the officer to let him go and allow him to sleep it off because he would lose his job, lost his balance during the walk and turn test, and refused to submit to a chemical test. *See* § 66-8-102(D) ("Aggravated driving while under the influence of intoxicating liquor or drugs consists of a person who . . . refused to submit to chemical testing . . . and in the judgment of the court, based upon evidence of intoxication presented to the court, was under the influence of intoxicating liquor or drugs."); *see also State v. Soto*, 2007-NMCA-077, ¶ 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence of driving under the influence pursuant to the impaired-to-the-slightest-degree standard even though the officers observed no irregular driving, the defendant's behavior was not irregular, he was cooperative, and no field sobriety tests were conducted, given that the defendant "had red, bloodshot, and watery eyes, as well as slurred speech and a very strong odor of

alcohol on his breath," the defendant admitted drinking, the officers observed several empty cans of beer where the defendant had been, and the officers testified that he was definitely intoxicated); *State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that a defendant smelled of alcohol, had slurred speech, admitted to drinking alcohol, failed field sobriety tests, and was driving erratically was sufficient to uphold a conviction for driving under the influence).

In his memorandum in opposition, Defendant contends that the evidence presented was consistent with both the State's theory of the case, and Defendant's (that he was using rubbing alcohol to treat an injury and performed poorly on the field sobriety tests due to a spider bite), and, accordingly, proves neither. [MIO 11(citing *Garcia*, 114 N.M. at 275, 837 P.2d at 868)] We disagree with Defendant that the evidence was *equally* consistent with both the State's and Defendant's theories. Instead, there was a great deal of evidence presented by the State demonstrating that Defendant appeared to be intoxicated, such as the smell of alcohol, slurred speech, bloodshot, watery eyes, and Defendant's admission that he had been drinking, that is not consistent with Defendant's theory. We therefore find Defendant's argument unavailing.

To the extent Defendant states that the officer did not observe erratic driving, we noted in this Court's proposed disposition that Defendant's assertion that "[t]he

officer did not testify to any erratic driving or impaired driving," appeared to be contradicted by information contained in the record. [CN 11-12; DS 3] Specifically, we noted that the tape log of the trial appeared to contradict Defendant's assertion that the officer provided no testimony regarding erratic driving. [CN 12; RP 95 ("did notice vehicle being operated/weaving"; "decision to stop vehicle/weaving"; "truck . . . drifts between outside lane/shoulder of road")]. We pointed out that this Court will rely on the factual recitations in the docketing statement and accept them as true, unless the record on appeal shows otherwise. *See State v. Calanche*, 91 N.M. 390, 392, 574 P.2d 1018, 1020 (Ct. App. 1978). Further, we proposed to rely on our understanding that the officer had testified to having observed erratic driving in reaching our conclusion that sufficient evidence supported Defendant's conviction. [CN 6] In Defendant's memorandum in opposition, Defendant does not address this Court's reliance on information from the tape log of the trial. Instead, Defendant continues to rely on the assertion in the docketing statement that there was no testimony of erratic driving, without making any mention of this Court's calendar notice proposing to reject that assertion. [MIO 2, 10] Defendant bears the burden of coming forward and specifically pointing out errors in fact and/or law in our proposed disposition. *See State v. Sisneros*, 98 N.M. 201, 202-03, 647 P.2d 403, 404-05 (1982); *State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993). Defendant

has not satisfied that burden. As a result, we rely on the facts asserted in our notice of proposed disposition and affirm Defendant's conviction for aggravated driving under the influence. Furthermore, even if we did not rely on the officer's observations of erratic driving, we would conclude that there is sufficient evidence to support Defendant's conviction. *See Soto,* 2007-NMCA-077, ¶ 34.

**Directed Verdict Motion**

In his docketing statement, Defendant challenged the district court's denial of his motion for a directed verdict. We proposed to affirm. In his memorandum in opposition, Defendant offers no argument in response to our proposed disposition of this issue. We therefore conclude that Defendant has abandoned this issue. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue).

**Exclusion of Evidence**

Defendant argues that the district court abused its discretion in refusing to admit medical records and the tooth Defendant claims the officer knocked from his mouth. Defendant contends that this evidence was admissible because it was relevant to his inability to adequately perform field sobriety testing and/or the injury allegedly inflicted on him by the officer. [RP 120-21] In this Court's notice of proposed

disposition, we noted that Defendant had failed to include sufficient information in his docketing statement regarding the argument Defendant had made below in favor of admissibility, the basis for the State's objection, or the grounds on which the trial court made its ruling. [CN 9] We noted that it appeared from the tape log of the trial that the district court had excluded the medical records for lack of a proper foundation [CN 9; RP 120-21] and the tooth because of its late production to the State [CN 9; RP 115]. Based on this information, we proposed to apply a presumption of correctness and affirm the district court's ruling since Defendant had not provided any argument indicating why exclusion for lack of foundation and late production was an abuse of discretion. [CN 10]

In his memorandum in opposition, Defendant contends pursuant to *Franklin* and *Boyer* that his medical records were admissible as a regularly conducted activity and as an exception to hearsay in accordance with Rule 11-803(F) NMRA. Rule 11-803(F) requires either that "the custodian or other qualified witness" testify "it was the regular practice . . . to make the memorandum, report, record or data compilation," or that the document be certified pursuant to Rule 11-902 NMRA. Here, Defendant attempted to introduce the medical records through his own testimony. [RP 120-21] In this Court's calendar notice, we proposed to presume that the district court's exclusion of the medical records for lack of foundation was correct. Defendant has

not addressed the issue of lack of foundation. We therefore affirm the district court's ruling. *See Sisneros*, 98 N.M. at 202-03, 647 P.2d at 404-05.

Similarly, Defendant contends that the district court abused its discretion by refusing to admit Defendant's tooth into evidence, because Defendant's tooth corroborated his testimony that he acted in self-defense. Defendant relies on *State v. Tellas*, 1999-NMCA-013, 126 N.M. 573, 973 P.2d 845, to argue that "[e]vidence of physical injuries is admissible when the evidence is relevant." [MIO 8] Defendant has not, however, addressed what this Court identified as the reason the district court refused to admit Defendant's tooth — the late production of the tooth to the State. The record reflects that defense counsel did not inform the State that Defendant would attempt to use the tooth as evidence of the police officer's conduct until the day before trial. [RP 115] The district court had broad discretion in determining how best to address the non-disclosure or late disclosure of evidence. *Cf.* Rule 5-505(B) NMRA (granting trial court broad discretion to address non-disclosure of evidence); *State v. Deutsch*, 103 N.M. 752, 756, 713 P.2d 1008, 1012 (Ct. App. 1985) ("Remedies for violation of discovery rules or orders are discretionary with the trial court."). Defendant has not provided this Court with any argument that the district court's refusal to admit Defendant's tooth into evidence due to its late disclosure was an abuse of discretion. It is Defendant's burden to demonstrate error and in the absence

of such a showing we apply a presumption of correctness in the rulings or decisions of the district court. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211. We therefore affirm on this issue.

**Right to Confrontation/ Motion to Amend**

Defendant contends that the district court erred by allowing the officer to testify that the dispatcher had called him to investigate a "possible drunk driver." [MIO 5-7] Defendant initially challenged the admission of such testimony on confrontation grounds. In this Court's proposed disposition, we addressed Defendant's confrontation argument and proposed to affirm. [CN 10-12] In his memorandum in opposition, it appears Defendant has abandoned any challenge to the officer's testimony as a confrontation violation. *Johnson*, 107 N.M. at 358, 758 P.2d at 308. Instead, Defendant now contends that the district court erred in allowing the officer's testimony regarding the dispatcher's call because it was hearsay, more prejudicial than probative, and reversible error. [MIO 5-7] Because Defendant now raises a new issue in his memorandum in opposition, we treat Defendant's argument as a motion to amend his docketing statement. For the reasons discussed below, we find Defendant's motion to amend his docketing statement and argument offered in support thereof not to be viable. We therefore deny Defendant's motion. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying the defendant's motion to

amend the docketing statement when the argument offered in support thereof is not viable).

Defendant relies on *State v. Alberts*, 80 N.M. 472, 475, 457 P.2d 991, 994 (Ct. App. 1969), to argue that "the dispatch operator[']s statement that there was a 'possible drunk driver' was inadmissible . . . , extremely prejudicial," and that his conviction should be reversed. [MIO 5-7] We are unpersuaded by Defendant's reliance on *Alberts*. In *Alberts*, this Court held that testimony by a police officer indicating that other officers had informed him that the defendant was engaged in illegal marijuana trafficking was reversible error where the defendant was not even charged with the felony of trafficking. We find this case more closely analogous to *State v. Greyeyes*, 105 N.M. 549, 734 P.2d 789 (Ct. App. 1987). In *Greyeyes*, the defendant challenged testimony by the responding officer that he had received a call from the police dispatcher regarding a "10-44" and a "10-47." The officer was permitted to testify at trial that a "10-44" refers to a vehicular accident without injuries, and that a "10-47" refers to a drunk driver. The defendant objected on hearsay grounds, but this Court held on appeal that the testimony was not hearsay because it was offered to demonstrate the reason the officer came upon the accident and not for the truth of the matter asserted. *Id.* at 551, 734 P.2d at 791. Similarly, here, the testimony was elicited for the purpose of explaining the circumstances of the

stop.

To the extent Defendant is arguing that the testimony regarding the dispatcher's statement was more prejudicial than probative, we conclude that even if the district court erred in admitting the officer's testimony that he was responding to a call regarding a "possible drunk driver," any such error, given the substantial evidence indicating that Defendant was in fact intoxicated, was harmless. *See State v. Barr*, 2009-NMSC-024, ¶¶ 53, 56, __ N.M. __, __ P.3d __ (stating that an appellate court, when reviewing non-constitutional error, should conclude that "error is harmless when there is no *reasonable probability* the error affected the verdict"); *id.* (stating that, in determining harmless error, the reviewing court should consider (1) substantial evidence to support the conviction without reference to the improperly admitted evidence; (2) such a disproportionate volume of permissible evidence that, in comparison, the amount of improper evidence will appear minuscule; and (3) no substantial conflicting evidence to discredit the State's testimony).

For the reasons stated above and in this Court's notice of proposed disposition, we deny Defendant's motion to amend his docketing statement and affirm Defendant's convictions. We further remand this matter to the district court for correction of the typographical error in the judgment and sentence specified above.

**IT IS SO ORDERED.**

**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

**JAMES J. WECHSLER, Judge**

**JONATHAN B. SUTIN, Judge**