**HOFFMAN'S DOUBLE BAR PINE NURSERY, Plaintiff-Appellee,**

v.

**Bill FYKE, d/b/a Mountain Meadows Nursery, Defendant-Appellant.**

No. 79CA0402.

Colorado Court of Appeals, Div. I.

June 4, 1981.

Rehearing Denied July 9, 1981.

Steven Henry DeVito, Denver, for plaintiff-appellee.

Richard O. Pittam, Denver, for defendant-appellant.

STERNBERG, Judge.

Bill Fyke, d/b/a Mountain Meadows Nursery, appeals a judgment entered against him on Hoffman's Double Bar Pine Nursery's claim for breach of contract, contend-

ing he was entitled to a set-off on his counterclaim for breach of warranty, having given Hoffman's adequate notice that the nursery stock it purchased was substandard, as § 4–2–607(3)(a), C.R.S.1973, requires. We affirm in part and reverse in part.

Both Hoffman's and Mountain Meadows are wholesale nurseries. Their business relationship commenced in September of 1975 and continued into 1976 with Mountain Meadows placing orders with Hoffman's for sale and delivery of various types of pine trees. In late spring of 1976, Mountain Meadows cancelled the remainder of its contract with Hoffman's and refused to pay an outstanding balance of $8,674.01 on its account. On January 20, 1977, Hoffman's sued Mountain Meadows for this amount. Mountain Meadows raised breach of warranty as a defense and counterclaimed for $30,000 in damages, asserting that the trees delivered were of poor quality and condition and not of the size ordered.

Following a trial to the court, the trial court found that "notification to the selling nursery of the objectionable nature of the stock must be made by the purchasing nursery, so that the former has an opportunity to replace the defective stock." It specifically found that some of the trees Hoffman's delivered to Mountain Meadows did not survive. However, because it concluded that Mountain Meadows at no time notified Hoffman's of "the site, number, and species of the defective trees," Hoffman's was deprived of the opportunity to replace them, and, therefore, Mountain Meadows was not allowed to recover on its claim of breach of warranty. The trial court also stated:

"Moreover, the evidence presented by defendant at time of trial wholly failed to provide the court with sufficient evidence substantiating his claims for damages and upon which the court could fashion relief."

On appeal, Mountain Meadows contends that the trial court improperly rejected its defense because it did give Hoffman's adequate notice of defect under § 4–2–607(3)(a), C.R.S.1973, and adduced sufficient evidence of damages to provide a basis for computation of damages.

## I.

The statutory requirement for notice of breach is set out in § 4–2–607(3)(a), C.R.S.1973, which states;

"Where a tender has been accepted: The buyer must within a reasonable time after he discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy . . . . "

Here sufficiency of notice is at issue. There is no statutorily prescribed format for notice of breach. *Comet Industries, Inc. v. Best Plastic Container Corp.*, 222 F.Supp. 723 (D.Colo.1963). Under § 4–2–607(3)(a), C.R.S.1973, notice is adequate if it is sufficient to provide seller with the opportunity to investigate buyer's complaint, to correct an alleged defect, or to effect a settlement through negotiation. *Rich's Restaurant, Inc. v. McFann Enterprises, Inc.*, 39 Colo. App. 545, 570 P.2d 1305 (1977).

With respect to the bulk of the allegedly defective trees, the evidence supports the trial court's conclusion that the notice given by Mountain Meadows to Hoffman's was inadequate. Mountain Meadows accepted several shipments of trees from Hoffman's which it resold to third parties. These trees were planted, and an unexpectedly high number failed to survive the growing season. Mountain Meadows was so notified by third party purchasers in writing prior to the time this action was filed. However, it did not supply Hoffman's with written notification of the difficulties which it had encountered with these trees. Instead, its claim that notice was adequate is based on the content of certain oral communications with Hoffman's.

While oral notice of breach of warranty may suffice, *Warren's Kiddie Shoppe, Inc. v. Casual Slacks, Inc.*, 120 Ga. App. 578, 171 S.E.2d 643 (1969), where, as here, the buyer relies on the content of oral communications for proof of notice and what transpired is controverted, the adequacy of the notice is a question of fact.

And, where supported by the evidence, the trial court's findings of fact are binding on review. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970).

Because adequate notice pursuant to § 4-2-607(3)(a), C.R.S.1973, is a condition precedent to recovery for breach of warranty, *Rich's Restaurant, Inc. v. McFann Enterprises, Inc., supra,* recovery for these trees is thereby precluded, and we do not reach the question of sufficiency of proof of damages with regard to these trees.

## II.

With respect to certain other trees, 34 in number, there is no evidentiary support for the trial court's conclusion that Mountain Meadows failed to notify Hoffman's of defects. An invoice for trees shipped on May 20, 1976, reflects that 27 trees were returned to Hoffman's as unsatisfactory. On an invoice for trees shipped to Mountain Meadows on April 8, 1976, there is a notation that because packing of the root systems in soil and burlap was inadequate, seven trees were received in an unsatisfactory condition. Notwithstanding the fact that these trees were not returned, all that § 4-2-607(3)(a), C.R.S.1973, requires is notice adequate to permit a cure, and the notice given was adequate to carry out this statutory purpose. But there is no indication that the amount owing to Hoffman's reflects credit for the price of these 34 trees.

Moreover, with regard to these 34 trees, there was sufficient proof of damages. The invoices clearly express the species, size, and price of each tree received in unsatisfactory condition.

Accordingly, the judgment is affirmed except as to the 34 trees for which notice was properly given. As to these trees, the judgment is reversed and the cause is remanded to the trial court with directions to enter judgment for defendant, as a set off, for the value of these trees, plus interest.

COYTE and BERMAN, JJ., concur.