**Richard N. WHITE, d/b/a Spear D. Cattle Company, Plaintiff-Appellant,**

v.

**MISSISSIPPI ORDER BUYERS, INC., Defendant-Appellee,**

and

**Jack Gill, Jr., and Joel Gill, Defendants.**

No. 80CA0892.

Colorado Court of Appeals, Div. II.

May 27, 1982.

Callahan & Callahan, Thomas J. Callahan, Wray, for plaintiff-appellant.

W. David McClain, Denver, for defendant-appellee.

KELLY, Judge.

In this action tried to the court for breach of the implied warranty of merchantability, § 4–2–314, C.R.S.1973, the court entered judgment in favor of defendant, Mississippi Order Buyers, Inc., (Mississippi) finding that plaintiff, Richard White, had not given notice of a defect within a reasonable time pursuant to § 4–2–607(3)(a), C.R.S.1973. We affirm.

White, a Colorado rancher, ordered 128 head of cattle from Mississippi, a cattle seller in Mississippi. The cattle arrived at White's ranch on the evening of September 13, 1978. The next morning White discovered that one of the animals was dead. On September 16, a veterinarian examined the cattle and determined that the animals were suffering from "shipping fever pneumonia." Although the cattle were continuously treated by the veterinarian for this disease, a total of 18 head of cattle had died by September 29. White sold the remaining cattle at an auction on October 2. Some of them were sold for a price substantially less than he had paid for them.

White did not contact Mississippi until October 18, when his attorney sent a letter to Mississippi requesting damages for his losses. When Mississippi denied liability, White instituted this action for breach of the implied warranty of merchantability. The trial court found that White's failure to notify Mississippi of the alleged breach until October 18 was an unreasonable delay because it foreclosed the possibility of negotiation.

White contends that, since he attempted to mitigate his damages by treating the cattle and by selling the remaining cattle at auction, the 34-day interval between receipt of the cattle and notice of breach to Mississippi was a reasonable length of time as a matter of law and that, therefore, the trial court erred in ruling that he was barred from any remedy. We do not agree.

**684**

Section 4–2–607(3)(a), C.R.S.1973, provides that where a tender has been accepted, "[t]he buyer must within a reasonable time after he discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy . . . ." Whether the notice was given within a reasonable time "depends on the nature, purpose and circumstances" of the notice. Section 4–1–204(2), C.R.S.1973. This is a question of fact to be measured by all the circumstances of the case. *Stroh v. American Recreation & Mobile Home Corp.*, 35 Colo. App. 196, 530 P.2d 989 (1975). The buyer has the burden of proof that the notice was given within a reasonable time. *Comet Industries, Inc. v. Best Plastic Container Corp.*, 222 F.Supp. 723 (D.Colo.1963).

The notice requirement of § 4–2–607(3)(a), C.R.S.1973, serves three purposes: It provides the seller with an opportunity to correct any defect, to prepare for negotiation and litigation, and to protect itself against stale claims asserted after it is too late for the seller to investigate them. *Prutch v. Ford Motor Co.*, Colo., 618 P.2d 657 (1980). White's failure to notify Mississippi until after the cattle were sold effectively prevented Mississippi from investigating and attempting to cure the alleged defect in the cattle. The possibility for negotiation was foreclosed, and the seller was unable to investigate the source of the defect. Thus, the purposes of the notice provision were frustrated by White's delay in notifying Mississippi of the condition of the cattle. *See Hoffman's Double Bar Pine Nursery v. Fyke*, Colo.App., 633 P.2d 516 (1981).

The judgment is affirmed.

ENOCH, C. J., and VAN CISE, J., concur.