Robert MYERS, d/b/a Timberline Forest Products, Plaintiff–Appellee,

v.

David A. KOOP and Neil E. Lipson, Defendants–Appellants.

No. 86CA0196.

Colorado Court of Appeals, Div. III.

April 21, 1988.

Rehearing Denied May 19, 1988.

Beck and Cassinis, Howard J. Beck, Susan Robins Kaufman, Aurora, for plaintiff-appellee.

Neil E. Lipson, Lakewood, for defendants-appellants.

VAN CISE, Judge.

Defendants, David A. Koop and Neil E. Lipson (purchasers), appeal the entry of a judgment in favor of plaintiff, Robert Myers, d/b/a Timberline Forest Products (seller), in the amount of $9,157.37 plus costs of $1,428.12 and attorney fees of $7,361. They also appeal the dismissal of their counterclaims for breach of contract and breach of warranty. We reverse.

This case arises out of a contract for the sale of 900 cut Christmas trees entered into by seller and purchasers on November 1, 1983. The contract required the trees to be "number one or premium" under the Department of Agriculture grading guidelines. It contained a notice provision:

"All cut (natural) Christmas Trees which may be ordered hereunder shall be deemed as having been delivered in good condition and free from any and all defects whatsoever unless Seller is notified by Purchaser to the contrary by wire, telephone call or letter directed to the office of Seller where the within order is accepted: provided, however, that such notice by Purchaser must be given not later than 48 hours after the time of delivery of the trees."

The Christmas trees were delivered to purchasers in Fresno, California, on November 28. The trial court, on conflicting evidence, found that the trees were not "number one or premium."

On November 30, defendant Koop called the office of seller in Idaho, where the order had been accepted, and told seller's employees: "It looks like we have a problem with the trees." Seller's employees told Koop that he needed to contact plaintiff Myers. On December 6, defendant Lipson spoke with some employees of seller at a Christmas tree lot in Lakewood, Colorado, informing them that there were some problems with the trees and telling them to inform Myers. They told him that they had occasional contact with Myers and, further, gave Lipson some phone numbers to use to contact Myers.

No further contact was made until December 18, when Lipson contacted Myers at a Christmas tree lot in Aurora, Colorado, and told him that the purchasers were having serious problems with the trees, that the Scotch pine were consistently bad, and that they had crooked trunks and holes in them. There was no other contact with seller, by any means of communication, until the first week of January, when seller demanded payment of the balance of the purchase price and purchasers refused. This lawsuit followed.

The trial court found that the notice given was insufficient. It then held that, since, under § 4-2-606(1)(b), C.R.S., "acceptance of goods occurs when the buyer fails to make an effective rejection," the purchasers "accepted the goods even though non-conforming." Judgment was thereupon entered for the balance due ($7,416.25), plus, as specified in the contract, interest at 1% per month from due date (December 26, 1983), and "costs of collection, including reasonable attorney fees" ($1.428.12 costs and $7,361 fees). In effect, the counterclaims were dismissed.

On appeal, purchasers' principal contention is that they complied with the notice provisions of the contract when Koop placed the telephone call to seller's office on November 30 and that the notice was sufficient. Therefore, purchasers assert they should have been allowed to maintain their claims for breach of contract and/or breach of warranty. We agree.

Where, as here, a tender has been accepted, the purchasers, within a reasonable time (48 hours as prescribed in this contract) after they discover or should have discovered any breach, must notify the seller of the breach or be barred from any remedy. Section 4-2-607(3)(a), C.R.S.

Inasmuch as the facts are undisputed, the trial court's interpretation of those facts is not binding on review. Whether the notice given was sufficient is a question of law.

The contract in question does not contain a definition of "notice"; consequently, we look to the interpretations of that term made in the context of the Uniform Commercial Code. There is no statutorily prescribed format for notice of breach. *Palmer v. A.H. Robins Co.*, 684 P.2d 187 (Colo. 1984); *Hoffman's Double Bar Pine Nursery v. Fyke*, 633 P.2d 516 (Colo.App.1981). A notice is sufficient if it lets "the seller know that the transaction is still troublesome and must be watched.... [T]here is no reason to require that the notification ... include a clear statement of all the objections that will be relied on by the buyer...." Section 4–2–607, C.R.S. (Official Comment 4). Also, it is sufficient when it provides the seller with an opportunity to investigate the buyer's complaint, to correct the alleged defect or damage, or to negotiate a settlement. *International Technical Instruments v. Engineering Measurements, Inc.*, 678 P.2d 558 (Colo. App.1983); *Hoffman's, supra.*

Here, we find that the notice of breach given by buyer on November 39 complied with the time parameters prescribed in the contract notice provision. We also conclude the content of the notice was sufficient.

In view of our ruling on the principal issue, we do not address defendants' other contentions.

The judgment is reversed, and the cause is remanded with directions to reinstate the counterclaims, and for further proceedings consistent with this opinion.

STERNBERG and JONES, JJ., concur.