Lynn WALLMAN, Plaintiff–Appellant,

v.

Bob KELLEY, d/b/a Acupuncture and Chinese Medicine, and Indochina Ginseng, Inc., Defendants–Appellees.

No. 97CA0838.

Colorado Court of Appeals, Div. IV.

Aug. 6, 1998.

As Modified on Denial of Rehearing Sept. 17, 1998.

The Leventhal Law Firm, P.C., Grant Marylander, Beth Krulewitch, Natalie Brown, James M. Leventhal, Denver, for Plaintiff–Appellant.

Ciccarelli & Kenney, L.L.C., Christopher Kenney, Denver, for Defendant–Appellee Bob Kelley, d/b/a Acupuncture and Chinese Medicine.

Varnell & Associates, J. Gregory Morrell, Denver, for Defendant–Appellee Indochina Ginseng, Inc.

Opinion by Judge CASEBOLT.

In this product liability action, plaintiff, Lynn Wallman, appeals the summary judgment dismissing her claims against the defendants, Bob Kelley, doing business as Acupuncture and Chinese Medicine, and Indochina Ginseng, Inc. We affirm in part, reverse in part, and remand with directions.

Plaintiff purchased and consumed a Chinese herbal medicine, Jin Bu Huan (JBH), to relieve pain in her thumb and to treat insomnia. Within a month thereafter, plaintiff contracted chemical hepatitis.

Plaintiff sued the defendants, both sellers of the herb, on theories of negligence *per se* under § 25–5–403(1)(a), C.R.S.1997, breach of implied warranty of merchantability under § 4–2–314, C.R.S.1997, and, as to Kelley, breach of implied warranty of fitness for a particular purpose under § 4–2–315, C.R.S. 1997. The defendants filed motions for summary judgment which the trial court granted, and this appeal followed.

I.

Plaintiff contends the trial court erred in granting summary judgment on the negligence *per se* and implied warranty of merchantability claims. We agree.

We review orders granting summary judgment *de novo*. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo.1995).

To prevail on a motion for summary judgment, the moving party has the burden of demonstrating the absence of a genuine issue of material fact, *Ginter v. Palmer & Co.*, 196 Colo. 203, 585 P.2d 583 (1978), and entitlement to judgment as a matter of law. *Abrahamsen v. Mountain States Telephone & Telegraph Co.*, 177 Colo. 422, 494 P.2d 1287 (1972).

■ An issue not raised by the moving party in the motion or brief cannot serve as the basis for summary judgment because the non-moving party is not put on notice as to the need to present evidence concerning that issue. *Jefferson County School District R-1 v. Justus*, 725 P.2d 767 (Colo.1986).

Here, in the briefs accompanying their motions, defendants argued that plaintiff's claims should be construed as claims for strict liability in tort and that, as such, they were completely barred by § 13-21-402, C.R.S.1997, since defendants did not also manufacture the JBH. In addition, Kelley argued that plaintiff's claim for breach of implied warranty of fitness for a particular purpose must fail because there was uncontroverted evidence that she did not rely on his judgment when she selected JBH.

Kelley also argued that plaintiff had no evidence to prove she bought the JBH from him, and Indochina argued that plaintiff had failed to give notice of any breach of implied warranty.

However, none of the summary judgment motions or supporting briefs argued that plaintiff had failed to present evidence that the JBH allegedly sold by defendants caused her injuries. Defendants did set out in their briefs that proof of a strict liability in tort claim requires proof of causation, but the assertion was made in the context of the argument that plaintiff's claims must be asserted as strict liability claims, or not at all. And, at the time the trial court determined the issues on summary judgment, we note that plaintiff did not have then pending any claim against defendants based upon the doctrine of strict liability in tort.

In his reply brief before the trial court, Kelley argued for the first time that plaintiff could not prove that the JBH she allegedly purchased from him *caused* her illness.

The trial court granted the defendants' motions for summary judgment on the negligence *per se* and implied warranty of merchantability claims because plaintiff had presented no evidence tending to prove that the JBH purchased from the defendants caused her injuries. However, because plaintiff was not given notice that she needed to present evidence on the causation issue in defendants' initial summary judgment motions and briefs, we conclude that the trial court incorrectly relied upon the lack of such evidence in granting the motions.

Accordingly, the summary judgment on the negligence *per se* and breach of implied warranty of merchantability claims cannot stand.

## II.

■ Indochina, however, argues that the summary judgment on plaintiff's implied warranty of merchantability claim should be affirmed because, as a matter of law, plaintiff failed to give notice within a reasonable time as required by § 4-2-607(3)(a), C.R.S.1997. We disagree.

■ With respect to buyers and sellers, § 4-2-607(3)(a) requires the buyer to notify the seller of any breach of warranty within a reasonable time. Whether notice is reasonable is a question of fact to be determined from the totality of circumstances. Under some circumstances, the filing of a lawsuit may provide sufficient notice. *See Palmer v. A.H. Robins Co.*, 684 P.2d 187 (Colo.1984) (fn.3).

Here, it is undisputed that, before filing this action, plaintiff did not personally notify Indochina of any breach. It is further undisputed that this action was filed two years after plaintiff contracted chemical hepatitis.

Plaintiff contends that, although she did not specifically notify defendant, her complaint should serve as notice. Further, plaintiff claims that Indochina was put on notice as to the potential problems with JBH before the filing of this lawsuit because of efforts by the Food and Drug Administration and California Department of Health to ban its sale.

Plaintiff points to certain press releases, proffered by defendants, that specify problems with the product some six months after her consumption of it. Consequently, plaintiff argues that actual notice prior to the suit was not necessary.

While the statute requires buyers to give notice to sellers of claimed breaches, the issues of sufficiency and reasonableness of the notice require a factual determination. *See Palmer v. A.H. Robins Co., supra; Cheyenne Mountain Bank v. Whetstone Corp.* 787 P.2d 210 (Colo.App.1990). We cannot say, as a matter of law, that plaintiff's commencement of litigation under these circumstances did not constitute notice given within a reasonable time. Because there are genuine issues of fact regarding the notice issue, we conclude that the summary judgment cannot be upheld on this basis.

### III.

■ Indochina further argues that the summary judgment should be affirmed because plaintiff's negligence *per se* and breach of warranty claims are barred by § 13–21–402, C.R.S.1997. Indochina reasons that plaintiff's claims attempt to assign liability without fault and, therefore, they are solely strict liability claims. Consequently, Indochina argues, plaintiff's recourse is limited to suing the manufacturer of the product under § 13–21–402. We disagree.

Section 13–21–402, C.R.S.1997, provides that:

No product liability action based on the doctrine of strict liability in tort shall be commenced or maintained against any seller ... unless said seller is also the manufacturer of the part thereof claimed to be defective. Nothing in this part 4 shall be construed to limit any other action from being brought against any seller of a product.

Because this proceeding is admittedly a product liability action, the question is whether the action is based upon the doctrine of strict liability in tort. Stated differently, are negligence and implied warranty claims "based" on the doctrine of strict liability in tort?

■ Negligence is not the logical equivalent of strict liability. Negligence requires proof that a defendant's conduct fell below an acceptable standard of care and thus involves proof of fault. *See Fibreboard Corp. v. Fenton,* 845 P.2d 1168 (Colo.1993) (distinguishing between claims for negligent failure to warn and strict liability failure to warn). And, negligence *per se* is simply negligence with the standard of care being set forth in a statute or ordinance. *Largo Corp. v. Crespin,* 727 P.2d 1098 (Colo.1986).

Strict liability does not require proof of fault. *Blueflame Gas, Inc. v. Van Hoose,* 679 P.2d 579, (Colo.1984). And while, for example, the statute allowing designation of nonparties at fault encompasses both negligence and strict liability claims, *see Barton v. Adams Rental, Inc.,* 938 P.2d 532 (Colo. 1997), that does not make a negligence claim equivalent to a strict liability claim. *See also Halliburton v. Public Service Co.,* 804 P.2d 213 (Colo.App.1990) (adoption of strict liability law did not abrogate right of injured party to proceed on negligence claim).

■ Claims based on breach of an implied warranty of merchantability are founded on a contract between the seller and buyer and are not tort claims. And, separate claims for breach of warranty and strict liability can be maintained against the same defendant. *See Palmer v. A.H. Robins Co., supra.*

Here, by their express terms, the provisions of the statute prohibiting claims against sellers who are not also manufacturers are limited to actions based on the doctrine of strict liability in tort. By the terms of the statute, it does not bar any other theories of action against sellers. Because negligence and breach of warranty claims are not strict liability in tort claims, we reject Indochina's contention.

### IV.

■ We reject Indochina's final assertion that the summary judgment should be affirmed because plaintiff's response to the JBH was idiosyncratic and that, therefore, her negligence *per se* and implied warranty

of merchantability claims fail as a matter of law.

 An issue not raised in the motion for summary judgment cannot serve as the basis for granting the motion. *See Jefferson County School District R–1 v. Justus, supra.*

Here, Indochina first raised this issue in its reply brief before the trial court. Because plaintiff was not given an opportunity to address this issue in her response to Indochina's summary judgment motion, it cannot serve as the basis for summary judgment.

## V.

 Concerning the implied warranty of fitness for a particular purpose, plaintiff contends that the summary judgment should be reversed because there were genuine issues of fact concerning whether she relied on defendant Kelley's skill and expertise in selecting and furnishing the JBH. We disagree.

To establish the existence of an implied warranty of fitness for a particular purpose, a plaintiff must demonstrate that the seller, at the time of contracting, has reason to know any particular purpose for which the goods were required and that plaintiff is relying on the seller's skill or judgment to select or furnish suitable goods. Section 4–2–315, C.R.S.1997.

Here, the trial court found that plaintiff could not have relied on Kelley's skill or judgment to select JBH because, in her deposition, she unambiguously stated that she had decided to buy JBH before she entered Kelley's store, and she did not otherwise testify about any representations made by Kelley that influenced her decision.

Plaintiff argues on appeal that the trial court ignored the statements in her later affidavit that, if Kelley had told her not to take JBH, she would have relied on his expertise. Thus, she asserts, there were genuine issues of material fact. We disagree.

Plaintiff's affidavit stating that she *would* have relied on Kelley's expertise *if* he had told her not to take JBH does not raise an issue of fact as to whether she *actually* relied on Kelley's skill or judgment to select or furnish the product. *See* § 4–2–315, C.R.S.

1997 (Official Comment 1) (the buyer must actually be relying upon the seller); *Klipfel v. Neill,* 30 Colo.App. 428, 494 P.2d 115 (1972). Accordingly, her affidavit fails to establish a genuine issue as to this fact, and hence, summary judgment for Kelley on this claim was properly entered.

The summary judgment in favor of Kelley on the breach of implied warranty of fitness for a particular purpose is affirmed. The balance of the judgment is reversed, and the cause is remanded for further proceedings.

Judge RULAND and Judge ROY concur.